**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001139
30-NOV-2016
09:14 AM**

NO. CAAP-14-0001139

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
ALFRED W.K. COMBES, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 12-1-1895)

SUMMARY DISPOSITION ORDER
(By:  Reifurth and Ginoza, JJ., with
Nakamura, Chief Judge concurring separately)

Defendant-Appellant Alfred W.K. Combes (Combes) appeals from the Judgment filed on September 17, 2014 in the Circuit Court of the First Circuit (circuit court).[1]  Combes was convicted of Burglary in the First Degree in violation of Hawaii Revised Statutes (HRS) § 708-810(1)(c) (2014).[2]  He was sentenced

---

[1]  The Honorable Colette Y. Garibaldi presided.

[2]  HRS 708-810(1)(c) provides:

§708-810 **Burglary in the first degree.**  (1) A person commits the offense of burglary in the first degree if the person intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights, and:
. . . .
(c)    The person recklessly disregards a risk that the building is the dwelling of another, and the building is such a dwelling.

to ten (10) years imprisonment with credit for time served and concurrent with any other term of imprisonment, and given a mandatory minimum term of three (3) years, four (4) months.

On appeal, Combes contends: (1) the circuit court erred when it allowed hearsay evidence regarding the unavailability of a witness for Plaintiff-Appellee State of Hawaiʻi (State); (2) the circuit court plainly erred when it allowed hearsay evidence regarding the alleged burglary; (3) the deputy prosecutor committed prosecutorial misconduct when he elicited evidence regarding the unavailability of a witness at trial; (4) the deputy prosecutor committed prosecutorial misconduct when he violated the circuit court's limiting instruction and exceeded the scope of his offer of proof regarding the unavailability of a witness; (5) there was insufficient evidence to convict Combes of Burglary in the First Degree; and (6) the cumulative effect of the circuit court's errors and the prosecutorial misconduct violated Combes's constitutional right to due process.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve Combes's points of error as follows and affirm.

**(1) Relevance.** Combes contends that the circuit court erred in allowing Deputy Sheriff Chester Dasalla (Deputy Sheriff Dasalla) to testify about when he last spoke to Lisa Winkelspecht (Winkelspecht), who lived at the subject house at the time it was burglarized, claiming that the testimony was not relevant.[3]

"A trial court's determination that evidence is 'relevant' within the meaning of HRE Rule 401 (1993) is reviewed under the right/wrong standard of review." State v. St. Clair, 101 Hawaiʻi 280, 286, 67 P.3d 779, 785 (2003) (citation omitted);

---

[3] In his points of error, Combes contends that the circuit court erred because it allowed hearsay testimony, however, Combes's argument section challenges the testimony as irrelevant. Points not argued may be deemed waived. See Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28(b)(7).

<u>Walsh v. Chan</u>, 80 Hawai'i 212, 215, 908 P.2d 1198, 1201 (1995). Hawaii Rules of Evidence (HRE) Rule 401 provides that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Further,

> [r]elevance is a low threshold. Relevant evidence need not prove a case on its own; it "need only be a building block of a *prima facie* case." *See State v. Silva*, 67 Haw. 581, 586, 698 P.2d 293, 297 (1985). Indeed, it is evidence having *any* tendency to make a material fact more or less likely. HRE Rule 401. Nor must the evidence establish the fact by itself; it is enough to establish a link in a longer, evidentiary chain.

<u>State v. Griffin</u>, 126 Hawai'i 40, 55, 266 P.3d 448, 463 (App. 2011).

Unchallenged testimony by Deputy Sheriff Dasalla established that Winkelspecht had moved to the mainland since the alleged burglary. On appeal, Combes challenges the following testimony:

> [STATE]. And what, if any, contact have you had with [Winkelspecht] recently?
>
> [DASALLA]. I actually tried calling her about maybe four times.
>
> [DEFENSE]: Objection, relevance, hearsay, speculation.
>
> THE COURT: Sustained.
>
> [STATE]: Your Honor, if we could approach, please?
>
> THE COURT: You may approach.
>
> (The following proceedings were held at the bench:)
>
> [STATE]: Judge, I think the objection was speculation. He is testifying from personal knowledge. <u>The relevance is he's going to say that he tried to contact her about returning for trial and the only reason is the jury's understanding why no victim is present in the trial</u>. And that's all he's going to say.
>
> THE COURT: Limited to that, I'll allow over your objection.
>
> [DEFENSE]: What's the proffered response?
>
> [STATE]: That she didn't answer his phone calls.
>
> [DEFENSE]: All right, if that's all he's going to say. We still object.

(The bench conference was concluded.)

[STATE]. [] Deputy sheriff, you were explaining that you had recent contact with her, if any?

[DASALLA]. Yes, in February.

[STATE]. I mean recently, within the past two weeks?

[DASALLA]. I made several attempts to actually contact [Winkelspecht].

[STATE]. Why is that?

[DASALLA]. You know, 'cause her and I usually talk maybe once a month just to see how things are going with her new job and everything like that. And also to talk about the case.

[DEFENSE]: Objection, Your Honor.

THE COURT: Overruled. You are leading to your ultimate question?

[STATE]: Yes, Your Honor.

[STATE]. [] And did you get a response?

[DASALLA]. No, not in the last two weeks I haven't.

(Emphasis added.)

As noted by the State during the bench conference, the purpose of the questioning was to establish for the jury's understanding why there was no victim present at trial. Although the line of questioning did not prove the case on its own, it was a building block to establishing the case as a whole. Showing that Deputy Sheriff Dasalla was unable to contact Winkelspecht indicated to the jury why there was no victim to testify about the burglary, which provided broader context for the jury's understanding of the case. The testimony was relevant and the circuit court did not err in allowing it.

**(2) Hearsay.** Combes contends that the circuit court plainly erred when it allowed hearsay testimony into evidence. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." HRE Rule 801. Hearsay is not admissible unless an exception applies. State v. Sua, 92 Hawai'i 61, 70, 987 P.2d 959, 968 (1999) (stating "[h]earsay is

4

inadmissible at trial, unless it qualifies as an exception to the rule against hearsay") (citation omitted);  HRE Rule 802.

In this case, Combes challenges two separate statements during Deputy Sheriff Dasalla's testimony as inadmissible hearsay.  First, Deputy Sheriff Dasalla testified that "[o]n that day when [Winkelspecht and Jose a.k.a Gilbert Martinez (Martinez)] came home, they actually . . . notified me when they came to my house that their house got broken into."  Second, Deputy Sheriff Dasalla testified "[a]nd [Winkelspecht] had notified me she had called HPD, or police - the Honolulu Police Department to come by to report the burglary."

Both statements appear to be hearsay because they were statements made by Winkelspecht, as testified to by Deputy Sheriff Dasalla, offered as evidence to prove that the subject house "got broken into" and that Winkelspecht called the Honolulu Police Department to report a burglary.  Neither party cites to an applicable hearsay exception.  Combes, however, did not object to the statements at trial.  Therefore, the plain error standard applies.

Hawai'i Rules of Penal Procedure (HRPP) Rule 52(b) provides "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  However, the appellate court's "power to deal with plain error is one 'to be exercised sparingly and with caution because the rule represents a departure from a presupposition of the adversarial system-that a party must look to his or her counsel for protection and bear the cost of counsel's mistakes.'" State v. Lee, 83 Hawai'i 267, 274, 925 P.2d 1091, 1098 (1996) (citations omitted).  Thus, "[t]he decision to take notice of plain error must turn on the facts of the particular case to correct errors that 'seriously affect the fairness, integrity or public reputation of judicial proceedings.'" Id. (citations omitted).

In this case, Deputy Sheriff Dasalla's testimony that Winkelspecht notified him that her house "got broken into" and that Winkelspecht had called the police did not affect Combes's substantial rights and thus the circuit court did not plainly err. Although the testimony was hearsay, it was cumulative given other evidence presented at trial. Officer Dominic Madamba (Officer Madamba) testified that he was called to a burglary complaint located at the subject home. In addition, Officer Madamba testified that when he arrived at the home, he met with both residents, Winkelspecht and Martinez. Thus, Officer Madamba's admissible testimony established that a report was made to the police about a burglary at the subject home where Winkelspecht lived at the time.

Given that other admissible testimony was offered to show that a report was made to the police about the burglary and considering the overall evidence in this case, Deputy Sheriff Dasalla's hearsay testimony did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. Therefore, the circuit court did not plainly err.

**(3) Prosecutorial Misconduct.** Combes alleges two instances of prosecutorial misconduct based on the deputy prosecutor's following questions to Deputy Sheriff Dasalla.

[STATE]. And what, if any, contact have you had with [Winkelspecht] recently?

[DASALLA]. I actually tried calling her about maybe four times.

[DEFENSE]: Objection, relevance, hearsay, speculation.

THE COURT: Sustained.

[STATE]: Your Honor, if we could approach, please?

THE COURT: You may approach.

(The following proceedings were held at the bench:)

[STATE]: Judge, I think the objection was speculation. He is testifying from personal knowledge. The relevance is he's going to say that he tried to contact her about returning for trial and the only reason is the jury's understanding why no victim is present in the trial. And that's all he's going to say.

6

THE COURT: Limited to that, I'll allow over your objection.

[DEFENSE]: What's the proffered response?

[STATE]: That she didn't answer his phone calls.

[DEFENSE]: All right, if that's all he's going to say. We still object.

(The bench conference was concluded.)

[STATE]. [] Deputy sheriff, you were explaining that you had recent contact with her, if any?

[DASALLA]. Yes, in February.

[STATE]. I mean recently, within the past two weeks?

[DASALLA]. I made several attempts to actually contact [Winkelspecht].

[STATE]. Why is that?

[DASALLA]. You know, 'cause her and I usually talk maybe once a month just to see how things are going with her new job and everything like that. And also to talk about the case.

[DEFENSE]: Objection, Your Honor.

THE COURT: Overruled. You are leading to your ultimate question?

[STATE]: Yes, Your Honor.

[STATE]. [] And did you get a response?

[DASALLA]. No, not in the last two weeks I haven't.

"Allegations of prosecutorial misconduct are reviewed under the harmless beyond a reasonable doubt standard, which requires an examination of the record and a determination of 'whether there is a reasonable possibility that the error complained of might have contributed to the conviction.'" State v. Rogan, 91 Hawai'i 405, 412, 984 P.2d 1231, 1238 (1999) (citation and block format omitted).

First, Combes contends the deputy prosecutor committed prosecutorial misconduct when he questioned Deputy Sheriff Dasalla regarding the unavailability of Winkelspecht at trial, asserting that this violated the State's motion in limine G(5).

7

The State filed a motion in limine requesting the circuit court to issue an order providing in pertinent part:

G. <u>Restriction on Comments of Counsel</u>

. . . .

5. Precluding Defendant and/or his attorney from commenting or suggesting that the State failed to call or is obligated to call as witnesses all of the witnesses listed in the State's Witness List or all persons who may have been present at any of the events disclosed by the evidence or who may appear to have some knowledge of the events.

This request was granted by the circuit court.

The deputy prosecutor's line of questioning did not violate the motion *in limine*. The *in limine* ruling precluded Combes and his attorney from commenting, but did not preclude the State from explaining the absence of witnesses.

Combes also contends that the deputy prosecutor committed prosecutorial misconduct by violating the circuit court's limiting instruction and by exceeding the scope of the State's offer of proof regarding the unavailability of Winkelspecht as a witness. During the bench conference, after Combes objected, the State argued that the questions were relevant to the jury's understanding as to why no victim was present at the trial. The circuit court ruled that, "[l]imited to that," it would allow the testimony over Combes's objection. The State further provided that the proffered response would be that Winkelspecht did not answer Deputy Sheriff Dasallas' phone calls.

The deputy prosecutor did not go beyond what he proffered during the bench conference. The deputy prosecutor asked Deputy Sheriff Dasalla about recent contact with Winkelspecht and if he got a response after he made several attempts to contact her. Deputy Sheriff Dasalla responded by stating that he had not received a response in the last two weeks. Thus, the deputy prosecutor's questioning was not improper and did not exceed the scope of the circuit court's order.

In sum, the deputy prosecutor did not commit prosecutorial misconduct.

**(4) Sufficiency of the Evidence.** Combes contends there was insufficient evidence to establish the element that entry into the residence was unlawful, because "[n]o testimony was presented by the [sic] Winkelspecht regarding who was, and who was not allowed into the residence."

The test on appeal for sufficiency of the evidence is "not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." State v. Eastman, 81 Hawaiʻi 131, 135, 913 P.2d 57, 61 (1996) (citation omitted). Further,

> [s]ubstantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. Under such a review, we give full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact.

State v. Bowman, 137 Hawaiʻi 398, 405, 375 P.3d 177, 184 (2016) (citation omitted).

To establish that Combes intentionally entered unlawfully into the subject home, the State presented the testimony of Jolynn Silva (Silva), who was arrested and charged with Burglary in the First Degree as a co-defendant to Combes and who eventually pled no contest to the charge. Silva testified that on the day of the burglary she, Combes, and two other individuals were driving around looking for a house to ring doorbells, to see if anybody was home, for the purpose of breaking in. According to Silva, she approached the subject house, rang the door bell and knocked, and nobody answered. She then saw Combes enter the subject house through the window. Silva testified that only Combes entered the home. After a sheriff had approached Silva to ask what she was doing, she used her cell phone to call Combes, who was still in the house, alerting him that she had just spoken to a sheriff. Combes told her to reverse the car into the driveway. According to Silva, after she reversed into the driveway, Combes came out of the house ducking down on the passenger side of the car and he got

into the car carrying a backpack and a pillowcase. Silva testified that she took jewelry that came from the subject house to Cash for Gold to exchange it for money, and that the other items that were taken from the house were sold on the street by Combes and Silva.

Based on Silva's testimony, especially that she and Combes were looking for a house to break into, and that Combes entered the subject house through the window when nobody was home, the State produced sufficient evidence to prove that Combes entered the house unlawfully.

**(5) Due Process.** Combes contends, without making any argument to support his contention, that the cumulative effect of the errors he alleges on appeal denied him of his due process rights to a fair trial. Given the above, we reject this argument.

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on September 17, 2014 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, November 30, 2016.

On the briefs:

Walter J. Rodby,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge